| Case No. | **CV 18-10407-DMG (JEMx)** | Date | March 25, 2019 |
|---|---|---|---|
| Title | *Gary A. Gayou v. Ford Motor Co., et al.* | Page | 1 of 8 |

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
|---|---|
| None Present | None Present |

**PROCEEDING: IN CHAMBERS – ORDER RE PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS [13]**

This matter is before the Court on Plaintiff's Motion to Remand ("MTR") and Request for Attorney's Fees and Costs ("MFA"). For the reasons set forth below, the MTR is **GRANTED** and the MFA is **DENIED**.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Gary Gayou resides in San Clemente, California. [Doc. # 1-1, Ex. A ("Compl.") at ¶ 3.] Defendant Ford Capistrano ("Capistrano") is a California Corporation conducting business in Orange County, California. *Id.* at ¶ 5. Defendant Ford Motor Company ("Ford") is a Delaware corporation. *Id.* at ¶ 4.

Plaintiff alleges that on September 6, 2005, he purchased a new Ford F-350 Super Duty truck, equipped with a 6.0-liter Powerstroke diesel engine, from "an authorized Ford dealership in Orange County." *Id.* at ¶¶ 9-10. The vehicle came with a warranty that guaranteed engine repair for five years or 100,000 miles. *Id.* at ¶ 10. At some point after he purchased the vehicle, Plaintiff began experiencing problems with the engine. *Id.* at ¶ 57. On multiple occasions, Plaintiff had the vehicle repaired by authorized repair facilities and received assurances that the problems had been fixed. *Id.* at ¶¶ 61-62. In September 2018, after the warranty on the engine expired, Plaintiff brought his vehicle to an authorized facility to replace the oil seals. *Id.* at ¶ 74. Plaintiff then discovered that the previous repairs had "failed to conform . . . to the express warranty." *Id.* Plaintiff alleges that both Ford and authorized dealers, including Capistrano, implemented "Band-Aid" repairs, rather than performing a full warranty repair, until his warranty expired. *Id.* at ¶ 47. Both Ford and Capistrano allegedly represented that the repairs they made would fix the engine problems despite their knowledge that the repairs would only "postpone the problem[s]" he was experiencing. *Id.*

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-10407-DMG (JEMx)** | Date | March 25, 2019 |
|---|---|---|---|
| Title | *Gary A. Gayou v. Ford Motor Co., et al.* | Page | 2 of 8 |

On November 13, 2018, Plaintiff filed his Complaint against Defendants in Los Angeles Superior Court. The Complaint alleges causes of action for: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) concealment; (4) fraud in the performance of a warranty contract; (5) violation of the Song-Beverly Act; and (6) negligent repair. Plaintiff brings claims one, two, three, four, and five against Ford only, and claim six against Capistrano only. *Id.* at ¶¶ 92, 120, 142, 165, 173, 218, 235. None of Plaintiff's claims arise under federal law.

On December 17, 2018, Ford removed the case to this Court under the theory that Capistrano was "fraudulently joined . . . for no reason other than to defeat diversity jurisdiction and prevent removal of the action to federal court." [Doc. # 1 ("Notice of Removal") at ¶ 23.] Ford asserts that "this Court has the jurisdiction to accept this matter, as absent Capistrano Ford, complete diversity exists" and "the amount in controversy exceeds $75,000." *Id.* at ¶ 23, 27.

On February 7, 2019, Plaintiff filed this MTR, denying Ford's claim that Capistrano was fraudulently joined. [Doc. # 13 ("MTR") at 4.] Plaintiff also seeks an award of attorneys' fees and costs under 28 U.S.C. section 1447(c) because he claims Defendants removed the case without an objectively reasonable basis for doing so. *Id.* at 9-10. The motion is fully briefed. [Doc. ## 17 ("Opp."), 21 ("Reply").]

## II.
## LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. section 1332 requires that the parties to a suit be of diverse citizenship. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability. However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (internal citations omitted.) "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

"[T]here is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Yet, fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

When contesting removal, a plaintiff is limited to the allegations stated in its complaint. *See Ritchey*, 139 F.3d at 1318 (to determine whether joinder of a defendant is fraudulent, district courts must "look only to a plaintiff's pleadings to determine removability" and "will determine the 'existence of federal jurisdiction . . . solely by an examination of the plaintiff's case.'") (citations omitted). A defendant opposing remand may introduce evidence beyond the pleadings to establish fraudulent joinder. *Id.* (citing *McCabe*, 811 F.2d at 1339). If there is even "a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). To that end, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted); *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (same).

### III.
### DISCUSSION

Ford's main argument is that the only claim Plaintiff brings against Capistrano—a negligent repair claim—must fail because his damages are purely financial and therefore the economic loss rule precludes any tort liability.[1] Alternatively, Ford contends that the Court should exercise its discretion under Federal Rule of Civil Procedure 21 to drop Capistrano as a Defendant.

---

[1] Ford also argues that the Court should disregard Plaintiff's MTR because it was filed in violation of Local Rule 7-3. *Id.* at 2. The Court declines to do so, because the motion has been fully briefed and there does not appear to have been any prejudice to Defendants. *See* C.D. Cal. L.R. 7-4 ("The Court *may* decline to consider a motion unless it meets the requirements of L.R. 7-3 . . . .") (emphasis added); *see also CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) (considering a motion filed in violation of Local Rule 7-3 because "[f]ailure to comply with the Local Rules does not automatically require the denial of a party's motion, . . . particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply").

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-10407-DMG (JEMx) | Date | March 25, 2019 |
|---|---|---|---|
| Title | *Gary A. Gayou v. Ford Motor Co., et al.* | Page | 4 of 8 |

### A. Ford Has Not Shown that the Economic Loss Rule Bars All Possible Claims Against Capistrano

Under the economic loss rule, "damages for inadequate value, costs of repair and replacement of [a] defective product or consequent loss of profits—without any claim of personal injury or damages to other property"—can only give rise to contract remedies. *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). In certain situations, however, when the harm rises "above and beyond a broken contractual promise," plaintiffs can recover in tort. *Id.* One such scenario is when "conduct amounting to a breach of contract . . . also violates a duty independent of the contract arising from principles of tort law." *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999) (listing as examples physical injury, breach of the covenant of good faith and fair dealing, wrongful discharge in violation of public policy, and fraud).

Despite the economic loss rule, Plaintiff has shown the possibility that the Complaint could state two causes of action against Capistrano.

### 1. Negligent Repair

Plaintiff argues that, under California law, the breach of a contract to perform services (as opposed to a contract for goods) "gives rise to a duty of care which requires that such services be performed in a competent and reasonable manner," and that the breach of that duty "may be both a breach of contract and a tort." Reply at 5 (citing *N. Am. Chem. Co. v. Superior Court*, 59 Cal. App. 4th 764, 774 (1997)). Plaintiff contends that he entered into a service contract for Capistrano to repair his vehicle, and Capistrano committed a tort by breaching that duty and negligently repairing his vehicle when it made only "Band-Aid" repairs. Reply at 5-6.

The extent to which *North American Chemical* remains good law is not entirely clear to the Court. The California Supreme Court has not expressly overruled it, but it has treated it with some skepticism. *See Aas v. Superior Court,* 24 Cal. 4th 627, 642-43 (2000). The Central District of California has also recently predicted that the California Supreme Court would hold that entering into an "arm's-length" service contract does not create a "special relationship" that gives rise to tort liability. *Body Jewelz, Inc. v. Valley Forge Ins. Co*, 241 F. Supp. 3d 1084, 1093 n. 10 (C.D. Cal 2017). Regardless of what California's high court is *likely* to do, however, on motions to remand concerning fraudulent joinder, "district courts may not make final determinations with regard to questions of state law that are not well-settled." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1176, 1176 n.17 (E.D. Cal. 2011) (quoting *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (joinder of a resident defendant is fraudulent

UNITED STATES DISTRICT COURT　　JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-10407-DMG (JEMx) | Date | March 25, 2019 |
|---|---|---|---|
| Title | Gary A. Gayou v. Ford Motor Co., et al. | Page | 5 of 8 |

only if "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious *according to the settled rules of the state*.") (emphasis added)). If nothing else, the lack of clarity in California law regarding the tort duties arising from service contracts makes this issue "not well-settled." Therefore, the Court cannot say that, as a matter of California law, it would be impossible for Plaintiff to bring a tort claim for negligent repair based on the service contract.

Ford asserts two other reasons why Plaintiff's negligent repair claim must fail. First, Ford argues that Plaintiff's allegations related to causation are inadequate and contradictory. Opp. at 6. Plaintiff responds that, even if his allegations are deficient, his "vehicle was damaged as a result of the 'Band-Aid' repairs" Capistrano performed. Reply at 3-4. To the extent that Plaintiff's allegations in the Complaint are lacking with respect to causation, the Court sees no reason why a court would not allow him to attempt to cure any shortcomings in an amended complaint.

Ford also argues that a two-year statute of limitations bars Plaintiff's claim because the repairs at issue "all took place before March 2011."[2] Opp. at 7. The Complaint goes on to state, however, that, after 2011, Plaintiff "delivered" his car to "repair facilities on numerous occasions due to serious engine issues" over "the next six years." Compl. at ¶ 86. Plaintiff does not specify which dealerships or repair facilities worked on his car during that time, but, based on his allegations, the Court can infer that Capistrano may have been among them. Since the allegations leave open the possibility that he brought his car to Capistrano as recently as March 2017, the Court cannot deny the MTR on the basis that Plaintiff's negligent repair claim is time-barred.

### 2. Fraud

Although Plaintiff did not explicitly bring his fraud cause of action against Capistrano, courts reviewing the sufficiency of a complaint look to the factual allegations supporting a potential cause of action, not the labels a party may apply to them. Compl. ¶¶ 92,2 35; *see Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562, 127 (2007) ("a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory"); *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008). And on a

---

[2] Without deciding the issue, the Court notes that the applicable statute of limitations may be three years. While a two-year statute of limitations applies to actions "upon a contract," a three-year limitations period applies to "action[s] for . . . injuring goods." Cal. Civ. Proc. Code §§ 338(c)(1), 339. At least one court, albeit in an unpublished opinion, has held that, in the context of car repairs, negligent repair claims have a three-year limitations period. *Sabicer v. Ford Motor Co.*, 2019 WL 1012303, at *3 (C.D. Cal. Mar. 1, 2019).

UNITED STATES DISTRICT COURT   JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-10407-DMG (JEMx)** | Date | March 25, 2019 |
|---|---|---|---|
| Title | *Gary A. Gayou v. Ford Motor Co., et al.* | Page | 6 of 8 |

motion to remand, Ford bears the burden of proving that Plaintiff cannot recover "on *any* theory." *Ritchey*, 139 F.3d at 1318 (emphasis added).

The elements of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Robinson*, 34 Cal. 4th at 990. Based on Plaintiff's allegations, the Complaint could possibly support a fraud claim against Capistrano.[3] Plaintiff claims that:

> FORD and its dealerships (which are FORD's authorized agents for warranty repairs) including CAPISTRANO FORD represented that the repairs would fix the vehicle, despite their knowledge that the repairs performed would merely postpone the problem in the 6.0-liter Navistar diesel engine until the engine was out of warranty.[4]

Compl. at ¶ 47. Plaintiff further alleges, "Ford and its dealerships" knew about but nevertheless "intentionally and fraudulently concealed" the engine's defects from Plaintiff, and that both Ford and the dealerships allegedly "fraudulently concealed from Plaintiff its inability to repair those inherent defects, which prevented the truck from conforming to its applicable warranties." *Id.* at ¶ 56. While at least some of those allegations may be conclusory, they give rise to the *possibility* that Plaintiff could adequately amend them. Given the general presumption against removal jurisdiction, and the more specific presumption against finding fraudulent joinder, concluding that Capistrano is fraudulently joined merely because Plaintiff failed to name Capistrano in the heading of its fraud cause of action would needlessly elevate form over substance. *Geographic Expeditions*, 599 F.3d at 1107; *Hamilton*, 494 F.3d at 1206.

If there are any deficiencies related to causation with respect to the fraud claim, the same reasoning that applies to Plaintiff's negligent repair claim applies here. And Plaintiff is on even firmer footing regarding the statute of limitations because the delayed discovery rule applies to fraud. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797 (2005) (delayed discovery rule tolls the statute of limitations "until the plaintiff discovers, or has reason to discover, the cause of

---

[3] In both *Erlich* and *Robinson*, the California Supreme Court allowed independent tort recovery arising from a contractual relationship involving fraud. *Erlich*, 21 Cal. 4th at 552; *Robinson*, 34 Cal. 4th at 991 (upholding independent fraud claim arising from manufacturer's breach of contract in product liability case even though no actual damage occurred to person or property beyond the product damage).

[4] In California, "an agent who commits an independent tort, such as fraud, remains liable despite the fact that the principal, by ratification, also becomes liable." *Bock v. Hansen*, 225 Cal. App. 4th 215, 230 (2014) (citing 3 Witkin, Summary of Cal. Law, Agency & Employment, § 199, p. 252.).

UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-10407-DMG (JEMx) | Date | March 25, 2019 |
|---|---|---|---|
| Title | *Gary A. Gayou v. Ford Motor Co., et al.* | Page | 7 of 8 |

action," and its purpose is to "protect[] those who are ignorant of their cause of action through no fault of their own."); *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1039 (9th Cir. 2003). To show delayed discovery, a plaintiff must "show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox*, 35 Cal. 4th at 920–21.

Plaintiff alleges that after he took his car to authorized shops for repair, the repair facilities "continually represented that the repairs 'fixed' the problems with Plaintiff's 6.0-liter engine." Compl. ¶ 73. He claims that both Ford and Capistrano "represented that the repairs would fix the Vehicle, despite their knowledge that the repairs performed would merely postpone the problem." *Id.* at ¶ 47. Plaintiff also alleges that:

> It was not until mid-September 2018, when Plaintiff had to have all the oil seals replaced in the Vehicle . . . that Plaintiff first discovered, or reasonably could have discovered, that Ford's previous repairs to the engine during the express warranty period failed to conform Plaintiff's vehicle to the express warranty.

*Id.* at ¶ 74. Because Plaintiff maintains that he could not have discovered the facts supporting a fraud claim until September 2018, he has filed this action within the limitations period. *Kline v. Turner*, 87 Cal. App. 4th 1369, 1373 (2001) (three-year statute of limitations for fraud).

**C.    The Court Declines to Drop Capistrano Under Rule 21**

Ford requests that the Court drop Capistrano as a party under Rule 21 because "the circumstances are sufficiently suspicious, and the prejudice to Plaintiff so lacking." Opp. at 7. It is true that district courts "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. But a district court's Rule 21 discretion to dismiss a party "is not a requirement that it do so." *Mendoza v. Nordstrom*, 865 F.3d 1261, 1266 (9th Cir. 2017) (citing Fed. R. Civ. P. 21; *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015)).

Ford cites three cases suggesting that the court may drop a party to retain diversity jurisdiction.[5] The first two simply establish the discretionary power of the court to sever a party, and the third involves substantially different facts from the instant case. Opp. at 7-8 (citing *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277-78 (9th Cir. 1980); *In re: Incretin Mimetics Prod. Liab. Litig.*, 2015 WL 12699872, at *4 (S.D. Cal. July 28, 2015); *Pierce v. Frink*, 2017 WL

---

[5] Ford also asks the Court to take judicial notice of an unpublished Order denying remand in a case with similar facts. [Doc. # 17-3 ("Rodriguez Decl.") at 1:18-23.] The Court can take notice of the order's existence, even if it is not persuasive. *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1048 (N.D. Cal. 2006).

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-10407-DMG (JEMx)** | Date | March 25, 2019 |
|---|---|---|---|
| Title | *Gary A. Gayou v. Ford Motor Co., et al.* | Page | 8 of 8 |

4923508, at *4 (E.D. Cal. Oct. 31, 2017)). None is persuasive enough to convince the Court to sever Capistrano from the action to maintain complete diversity. Since Ford has put forth no reasons why, in consideration of the applicable legal standard and "on just terms," the Court should dismiss Capistrano, the Court declines to do so.

## IV.
## REQUEST FOR ATTORNEYS' FEES AND COSTS

Plaintiff seeks $1,300 in attorney's fees and costs pursuant to 28 U.S.C. section 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district court may award attorneys' fees under section 1447(c) only when Defendants "lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Rangel,* 200 F. Supp. 3d at 1035. A defendant's attempt to remove a case, however, "is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc*., 518 F. 3d 1062, 1065 (9th Cir. 2008).

Although Ford has failed to show that the Court has jurisdiction over this action, its attempt to remove the case and defend against Plaintiff's MTR was not objectively unreasonable. Therefore, the Court **DENIES** Plaintiff's MAF.

## V.
## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's MTR and **DENIES** his MAF. The case is hereby **REMANDED** to Los Angeles County Superior Court and Ford's pending Motion for Judgment on the Pleadings [Doc. # 15] is **DENIED without prejudice as moot**.

**IT IS SO ORDERED.**